UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO CASTRO, | ) 1:11-cv—00441-SKO-HC |
| | ) |
| Petitioner, | ) ORDER TO PETITIONER TO INFORM THE |
| | ) COURT NO LATER THAN THIRTY (30) |
| | ) DAYS AFTER SERVICE OF THIS ORDER |
| v. | ) WHETHER HE IS RAISING A CLAIM |
| | ) CONCERNING THE INEFFECTIVE |
| B. M. CASH, Warden, | ) ASSISTANCE OF COUNSEL (Doc. 1) |
| | ) |
| Respondent. | ) ORDER TO PETITIONER TO SHOW CAUSE |
| | ) NO LATER THAN THIRTY (30) DAYS |
| | ) AFTER SERVICE OF THIS ORDER WHY A |
| | CLAIM OF INEFFECTIVE ASSISTANCE |
| | OF COUNSEL SHOULD NOT BE |
| | DISMISSED FOR PETITIONER'S |
| | FAILURE TO EXHAUST STATE COURT |
| | REMEDIES AS TO SUCH CLAIM |
| | (Doc. 1) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.  Pending before the Court is the petition, which was filed on March 16, 2011.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

### A. Three Claims of Trial Court Error

Here, Petitioner is an inmate of the California State Prison at Lancaster, California, serving a sentence of seventeen (17) years to life imposed in the Kern County Superior Court upon

Petitioner's conviction after jury trial of having violated Cal. Pen. Code §§ 459, 288(A)(c)(2), 273, and 273.6(A).  Petitioner raises the following claims concerning the proceedings in the trial court:  1) erroneous or incomplete instructions concerning consideration of prior acts of misconduct violated Petitioner's right to due process of law under the Fourteenth Amendment (pet 9, 18-26); 2) the evidence of Petitioner's intent to commit oral copulation at the time of entry of the structure was insufficient to support a conviction of burglary, and thus Petitioner's right to due process of law under the Fourteenth Amendment was violated (pet. 27-31); and 3) entry of the living room from the bedroom of a single family residence with the intent to commit forcible oral copulation was not sufficient to support a conviction of burglary in violation of Cal. Pen. Code § 459 (pet. 31-38).

The Court notes that all three of these claims appear in the copy of the petition for hearing filed by Petitioner in the California Supreme Court.  (Pet. 44-70.)  It thus appears that Petitioner has demonstrated that he exhausted his state court remedies as to these claims.

B. <u>Possible Attempt to State a Fourth Claim</u>

In listing his grounds on the petition form, Petitioner indicated that he was raising three issues, and he specifically referred to the points and authorities attached to the form. (Pet. 4-5.)  In the points and authorities, Petitioner raised only the three claims previously noted. (Pet. 7-39.)

In an abundance of caution, however, the Court notes that following the petition form and an attached copy of Petitioner's petition for review in the California Supreme Court is a letter

3

to the clerk in which Petitioner refers to his trial attorney, Robert Dowd, as having done "A COUPLE OF THINGS HE SHOULD OF (sic) NOT DONE. FALLING SLEEP AT COURT AND A FEW OTHER THINGS." (Pet. 74-75.)  Further, Petitioner attaches unauthenticated pages of what appear to be transcripts of trial court proceedings concerning Mr. Dowd's having fallen asleep for ten or fifteen minutes during instruction of the jury.  (Pet. 82-87.)  The pages are not consecutive, so it is impossible to have a complete picture of the entirety of the proceedings.  However, it appears that there was a colloquy between Petitioner and the trial court concerning counsel's sleeping in which Petitioner was offered a new trial, and there was discussion of a motion for a new trial relating to counsel's sleeping.  Petitioner also attached a letter from appellate counsel, who advised Petitioner that Petitioner himself would have to raise the issues not raised by appellate counsel, such as ineffective assistance of counsel. (Pet. 80-81.)

    It is unclear whether Petitioner's statement that trial counsel slept in court and did things he should not have done is an attempt to state a claim concerning ineffective assistance of trial counsel.  This is because it appears from the petition form that Petitioner intended to raise three claims as delineated in the attached points and authorities, which did not contain any reference to the ineffective assistance of counsel.  Further, the brief, conclusory reference in Petitioner's note to the clerk does not state specific facts or refer to any federal constitutional violations.

    However, it is possible that Petitioner is attempting to

4

raise a claim concerning the ineffective assistance of counsel in the petition filed in this Court.

### C. Lack of Exhaustion of State Remedies as to a Claim of Ineffective Assistance of Counsel

If Petitioner is indeed attempting to raise such a claim, the Court notes that Petitioner has not shown that he exhausted his state court remedies.

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor,

5

529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998).  In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim

6

> on federal grounds, see, e.g., Hiivala v. Wood, 195
> F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
> 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
> at 865.
> ...
> In Johnson, we explained that the petitioner must alert
> the state court to the fact that the relevant claim is a
> federal one without regard to how similar the state and
> federal standards for reviewing the claim may be or how
> obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

A federal court cannot entertain a petition that is "mixed," or which contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982). A district court must dismiss a mixed petition; however, it must give the petitioner the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims. Rose v. Lundy, 455 U.S. at 510 (1982); Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).

### D.  The Need for Further Information from Petitioner

Here, if Petitioner is raising a claim concerning the ineffective assistance of counsel, he has not shown that he exhausted his state court remedies as to the claim. If Petitioner is raising a claim concerning the ineffective assistance of counsel, it appears that the instant petition is a mixed petition containing exhausted and unexhausted claims. The Court would have to dismiss such a petition without prejudice unless Petitioner were to withdraw the unexhausted claim and proceed with the exhausted claims in lieu of suffering dismissal.

However, if Petitioner is not attempting to raise an

7

ineffective assistance claim, then Petitioner appears to have demonstrated exhaustion of his other claims, which concern trial court error.

Because of the uncertainty regarding whether Petitioner is attempting to raise a claim concerning the allegedly ineffective assistance of counsel, the Court will give Petitioner an opportunity to inform the Court whether he is attempting to raise such a claim and, if he _is_ attempting to raise such a claim, to demonstrate exhaustion of state court remedies as to such claim.

As to any claim of ineffective assistance of counsel, Petitioner does not specifically describe the proceedings in the state courts in which he exhausted any such claim. It therefore appears that Petitioner has not presented such a claim to the California Supreme Court. If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented an ineffective assistance claim to the California Supreme Court but simply neglected to inform this Court.

Thus, if Petitioner is attempting to raise an ineffective assistance claim, Petitioner must inform the Court if his claim has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court concerning such claim, along with a copy of any ruling made by the California Supreme Court. Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

II.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Petitioner shall INFORM the Court no later than thirty (30) days after the date of service of this order whether or not in this petition he is attempting to raise a claim concerning the ineffective assistance of counsel; and

2) If Petitioner <u>is</u> raising a claim concerning the ineffective assistance of counsel, then as to such claim, Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies. Petitioner is ORDERED to inform the Court no later than thirty (30) days after the date of service of this order how any ineffective assistance claim was presented to the California Supreme Court.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:   March 25, 2011**                           **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE

9