UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO CASTRO, | 1:11-cv–00441-SKO-HC |
| Petitioner, | ORDER DIRECTING PETITIONER TO WITHDRAW HIS UNEXHAUSTED CLAIM WITHIN THIRTY (30) DAYS OF SERVICE OR SUFFER DISMISSAL OF THE ACTION |
| v. | |
| B. M. CASH, Warden, | |
| Respondent. | DEADLINE: THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on August 12, 2011  (doc. 13). Pending before the Court is the petition, which was filed on March 16, 2011, and a document filed by Petitioner on September 9, 2011, in response to the Court's order for additional information.

1

I.  Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II.  Background

Petitioner alleged that he was an inmate of the California

1  State Prison at Lancaster, California, serving a sentence of
2  seventeen (17) years to life imposed in the Kern County Superior
3  Court upon Petitioner's conviction after jury trial of having
4  violated Cal. Pen. Code §§ 459, 288(A)(c)(2), 273, and 273.6(A).
5  Petitioner expressly raises the following claims concerning the
6  proceedings in the trial court:  1) erroneous or incomplete
7  instructions concerning consideration of prior acts of misconduct
8  violated Petitioner's right to due process of law under the
9  Fourteenth Amendment (pet 9, 18-26); 2) the evidence of
10 Petitioner's intent to commit oral copulation at the time of
11 entry of the structure was insufficient to support a conviction
12 of burglary, and thus Petitioner's right to due process of law
13 under the Fourteenth Amendment was violated (id. at 27-31); and
14 3) entry of the livingroom from the bedroom of a single family
15 residence with the intent to commit forcible oral copulation was
16 not sufficient to support a conviction of burglary in violation
17 of Cal. Pen. Code § 459 (id. at 31-38).
18       The Court notes that all three of these claims appear in the
19 copy of the petition for hearing filed by Petitioner in the
20 California Supreme Court.  (Pet. 44-70.)  It thus appears that
21 Petitioner has demonstrated that he exhausted his state court
22 remedies as to these claims.
23       Although Petitioner listed only three issues as the grounds
24 raised in the body of the petition (pet. 4-5, 7-39), following
25 the petition form and an attached copy of Petitioner's petition
26 for review in the California Supreme Court is a letter to the
27 "CLERK OF THE U S DISTRICT" in which Petitioner refers to his
28 trial attorney, Robert Dowd, as having done "A COUPLE OF THINGS

3

1  HE SHOULD OF (sic) NOT DONE. FALLING SLEEP AT COURT AND A FEW
2  OTHER THINGS." (Pet. 74-75.)  Further, Petitioner attaches
3  unauthenticated pages of what appear to be transcripts of trial
4  court proceedings concerning Mr. Dowd's having fallen asleep for
5  ten or fifteen minutes during instruction of the jury. (Pet. 82-
6  87.)  The pages are not consecutive, so it is impossible to have
7  a complete picture of the entirety of the proceedings.  However,
8  it appears that there was a colloquy between Petitioner and the
9  trial court concerning counsel's sleeping in which Petitioner was
10 offered a new trial, and there was discussion of a motion for a
11 new trial relating to counsel's sleeping.  Petitioner also
12 attached a letter from appellate counsel, who advised Petitioner
13 that Petitioner himself would have to raise the issues not raised
14 by appellate counsel, such as ineffective assistance of counsel.
15 (Pet. 80-81.)

16     In a previous screening order filed on March 28, 2011, the
17 Court expressed uncertainty about whether or not Petitioner
18 intended to raise a claim concerning the ineffective assistance
19 of trial counsel in his petition. (Doc. 5.)  The Court informed
20 Petitioner that the law required exhaustion of state court
21 remedies as to each claim and that it appeared that Petitioner
22 had not exhausted state court remedies as to such a claim.  If
23 Petitioner were raising a claim concerning trial counsel's
24 ineffective assistance, he would have to allege exhaustion of
25 such remedies or withdraw the claim if state court remedies had
26 not been exhausted as to the claim.  Petitioner was given thirty
27 days to inform the Court if he was raising the ineffective
28 assistance claim, and if he was, to show exhaustion of state

4

remedies as to the claim or why the petition should not be dismissed for failure to exhaust state remedies if the claim was unexhausted.  (Id. at 5-9.)

On May 17, 2011, after Petitioner failed to respond to the Court's order, the Court issued an order to Petitioner to show cause why the case should not be dismissed for Petitioner's failure to follow the Court's order.  Petitioner sought several extensions of time within which to respond to the Court's order. In a request dated August 12, 2011, Petitioner stated that due to his placement in administrative segregation, he had received some of his legal materials on July 28, 2011.  He further stated:

> I WILL DO MY BEST TO WORK FROM WHAT I GOT TO RAISE THE CLAIM TO THE SUPREME COURT OF CALIFORNIA.

(Doc. 12, 1.)  He then asked for more time to do so.  (Id.) In a previous request for an extension, Petitioner had also referred needing more time "TO INFORM THE SUPREME COURT CONCERNING CLAIMS RAISED AND EXHAUSTION OF STATE COURT REMEDIES PLEASE."  (Doc. 10, 1-2.)

It thus appeared that Petitioner was seeking not an extension of time within which to inform this Court whether he was raising a claim of ineffective assistance of counsel and to inform the Court of whether or not such a claim had been presented to the California Supreme Court, but rather a stay of this action so that Petitioner might exhaust unidentified claims by presenting them to the California Supreme Court in the future. By order filed on August 19, 2011, Petitioner's motion for an extension of time was deemed to be a motion for a stay of the present proceedings, and due to a lack of information from

Petitioner, a stay was denied without prejudice.  Petitioner was informed that he had not yet complied with the Court's order to inform him if he was raising an ineffective assistance of counsel claim and whether he had presented it to the Supreme Court. Because all Petitioner had to do was inform the Court of his intention to raise the ineffective assistance claim and the status of his efforts to exhaust state remedies, Petitioner was given until September 12, 2011, to respond.  (Doc. 16.)

On September 9, 2011, Petitioner filed a response which consisted of 1) a copy of his correspondence with the California Supreme Court concerning Petitioner's attempt to file a complaint against his attorney; and 2) a letter to the undersigned Magistrate Judge in which Petitioner stated that he had been instructed by this Court to inform the Supreme Court if he was attempting to raise the claim, indicated his uncertainty as to how to file a verified accusation against his trial attorney, and asked for instructions as to how to proceed to exhaust his claim.[1]  (Doc. 17.)

### III. Petitioner's Failure to Exhaust State Court Remedies as to His Claim of Ineffective Assistance of Trial Counsel

Although Petitioner has not directly informed the Court regarding whether or not he intends to raise a claim in this proceeding concerning the ineffective assistance of trial counsel, the Court concludes that further attempts to obtain a direct statement concerning his intention in this regard would cause further delay and, in any event, would be futile.  The

---

[1] The Court is unable to provide Petitioner with legal advice.

6

Court further concludes from the copy of Petitioner's correspondence with the California Supreme Court that was included in Petitioner's most recent response that Petitioner <u>is</u> attempting to raise in the present proceedings a claim concerning the ineffective assistance of trial counsel, and that Petitioner has not exhausted his state judicial remedies by raising the claim before the California Supreme Court.

In summary, Petitioner has raised several claims of trial error as to which state court remedies have been exhausted. However, as to Petitioner's claim that his trial counsel was ineffective for sleeping during the proceedings, Petitioner has not exhausted his state court remedies.

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court

was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law.

> See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

A federal court cannot entertain a petition that is "mixed," or which contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982). A district court must dismiss a mixed petition; however, it must give the petitioner the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims. Rose v. Lundy, 455 U.S. at 510 (1982); Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss the petition without prejudice unless Petitioner withdraws the unexhausted claim and proceeds with the exhausted claims in lieu of suffering dismissal.

///

9

IV. <u>Order to Withdraw Unexhausted Claim or Suffer Dismissal of the Petition</u>

Accordingly, it is hereby ORDERED that Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claim concerning the ineffective assistance of trial counsel. In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the Petition without prejudice.[2]

IT IS SO ORDERED.

**Dated:   November 21, 2011**          /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies. However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court. <u>Duncan v. Walker</u>, 533 U.S. 167, 172 (2001).

Petitioner is further informed that the Supreme Court has held in pertinent part:
> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b). <u>Slack v. McDaniel</u>, 529 U.S. 473, 489 (2000).

Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.