UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO CASTRO, | ) 1:11-cv—00441-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISCHARGING ORDERS TO SHOW |
| | ) CAUSE (DOCS. 5, 7) |
| | ) |
| v. | ) ORDER DENYING REQUEST FOR A STAY |
| | ) PURSUANT TO RHINES V. WEBER |
| B. M. CASH, Warden, | ) (DOC. 19) |
| | ) |
| Respondent. | ) ORDER GRANTING PETITIONER'S |
| | ) MOTION TO AMEND THE PETITION TO |
| | ) WITHDRAW UNEXHAUSTED CLAIMS |
| | (DOC. 19) |
| | |
| | ORDER GRANTING PETITIONER'S |
| | MOTION FOR A KELLY STAY (DOC. 19) |
| | |
| | ORDER DIRECTING PETITIONER TO |
| | FILE STATUS REPORTS EVERY THIRTY |
| | (30) DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in

1

a signed writing filed by Petitioner on August 12, 2011 (doc. 13). Pending before the Court is Petitioner's request to withdraw unexhausted claims, filed on December 6, 2011.

I. Discharging the Orders to Show Cause

Petitioner has responded to the Court's orders to show cause regarding dismissal for failure to exhaust state court remedies and for failure to comply with an order of the Court. As a result, the orders to show cause that issued on March 28, 2011, and May 17, 2011, will be discharged.

II. Background

Petitioner alleged that he was an inmate of the California State Prison at Lancaster, California, serving a sentence of seventeen (17) years to life imposed in the Kern County Superior Court upon Petitioner's conviction after jury trial of having violated Cal. Pen. Code §§ 459, 288(A)(c)(2), 273, and 273.6(A). (Pet. 1.) Petitioner raises the following claims concerning the proceedings in the trial court: 1) erroneous or incomplete instructions concerning consideration of prior acts of misconduct violated Petitioner's right to due process of law under the Fourteenth Amendment (pet 9, 18-26); 2) the evidence of Petitioner's intent to commit oral copulation at the time of entry of the structure was insufficient to support a conviction of burglary, and thus Petitioner's right to due process of law under the Fourteenth Amendment was violated (id. at 27-31); 3) entry of the livingroom from the bedroom of a single family residence with the intent to commit forcible oral copulation was not sufficient to support a conviction of burglary in violation of Cal. Pen. Code § 459 (id. at 31-38); and 4) trial counsel's

sleeping through an unspecified portion or portions of the proceedings violated Petitioner's right to the effective assistance of counsel.

Although Petitioner alleged that he had exhausted state court remedies as to the first three claims, Petitioner has not exhausted his state court remedies as to the fourth claim concerning counsel's sleeping.

On August 19, 2011, the Court denied without prejudice a motion for a stay of the proceedings for purposes of exhaustion that Petitioner had denominated a motion for an extension of time. The basis of the denial was a lack of information. Petitioner was informed that the denial was without prejudice to seeking a stay concerning specified claims. On November 22, 2011, the Court issued an order concluding that Petitioner had not exhausted his state court remedies as to his fourth claim concerning the ineffective assistance of counsel. The Court informed Petitioner of the pertinent law regarding exhaustion of state court remedies. The Court further informed Petitioner that the Court could not consider his "mixed" petition (i.e., a petition containing both exhausted and unexhausted claims), and Petitioner was directed to withdraw the unexhausted claim and proceed with the unexhausted claims, or have the petition dismissed without prejudice as a mixed petition. (Doc. 18, 6-10.)

III. <u>Motion to Withdraw Unexhausted Claims</u>

On December 6, 2011, Petitioner filed a document stating he had filed a petition for writ of habeas corpus in the California Supreme Court, and he further represented that he was ignorant of

the law, found law library staff to be unavailable, had been in the hospital for a few weeks, and did not find it that easy to file paperwork on time. Petitioner stated the following:

> Anyhow, I don't understand anything but there's any way if I first get the opinion from the Supreme Court and the decision.
>
> If not then I would like to file a motion to withdraw the unexhausted claim concerning the ineffective assistance of trial counsel.

(Doc. 19, 2-3.) The Court interprets this language to mean that Petitioner would prefer to have the proceedings stayed until the California Supreme Court acts on a petition he states he has filed there.

### A. Request for a Stay of the Proceedings

Petitioner's statement of preference for a stay and his articulation of the circumstances concerning his filing of paperwork can be construed as a motion for a stay based on a showing of good cause pursuant to Rhines v. Weber, 544 U.S. 269 (2005).

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276; King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir. 2009). A petition may be stayed either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

Under Rhines, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 276-77. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is

4

only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277-78.

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). However, the amendment is only allowed if the additional claims are timely. Id. at 1140-41.

A stay pursuant to Rhines should be available only in the limited circumstances where it is shown that 1) there was good cause for the failure to have first exhausted the claims in state court, 2) the claim or claims at issue potentially have merit, and 3) there has been no indication that the petitioner has been intentionally dilatory in pursuing the litigation. Rhines, 544 U.S. at 277-78.

In view of the limited record before the Court at this stage of the proceedings, the Court cannot conclude that Petitioner's claim concerning the allegedly ineffective assistance of counsel is without merit. Further, it does not necessarily appear that Petitioner has been intentionally dilatory.

With respect to good cause, Petitioner alleges that he is ignorant of the law, did not have access to law library staff, and was placed in a hospital for a few weeks. Petitioner does not specify the time period of his hospitalization.

5

The Supreme Court has not articulated what constitutes good cause under Rhines, but it has stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a "protective" petition in federal court. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). The Ninth Circuit has held that the standard is a less stringent one than that for good cause to establish equitable tolling, which requires that extraordinary circumstances beyond a petitioner's control be the proximate cause of any delay. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). The Ninth Circuit has recognized, however, that "a stay-and-abeyance should be available only in limited circumstances." Id. at 661 (internal quotation marks omitted); see, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 2771, 174 L.Ed.2d 276 (2009) (concluding that a petitioner's impression that counsel had exhausted a claim did not demonstrate good cause).

Here, Petitioner asserts that as a result of his ignorance of the law and generally limited access to law library staff, he had difficulty in filing papers. However, these circumstances are everyday realities in the lives of prisoners. If Petitioner's assertions are considered to qualify as good cause, then a Rhines stay would be available in virtually every case in which a petitioner was ignorant of the law or without counsel to represent him with respect to discretionary, post-conviction proceedings. This would run counter to the directions in Rhines and Wooten that stays be available only in limited circumstances.
///

6

Further, Petitioner does not give any specific information concerning his hospitalization, so he has not established that it affected his ability to exhaust his state court remedies as to his claim, which concerned trial counsel and thus was apparent to Petitioner by the end of the trial court proceedings.

Accordingly, as Petitioner has not established good cause, he has not demonstrated his entitlement to a stay under Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

### B. Withdrawal of the Unexhausted Claim

Because Petitioner has failed to show good cause for a stay, the Court concludes that Petitioner's preferred option of a stay of the entire petition pending exhaustion is not possible.

Although Petitioner's motion to withdraw the unexhausted claim was conditional, the condition, namely, a Rhines-type stay, cannot be met. Thus, Petitioner's request to withdraw the unexhausted claim concerning the ineffective assistance of counsel becomes operative.

In the three-step procedure under Kelly, 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). However, the amendment is only allowed if the additional claims are timely. Id. at 1140-41.

In this case, Petitioner meets the qualifications for a Kelly stay. The petition contained one unexhausted claim which has been withdrawn. Thus, the instant petition now appears to be fully exhausted, and the first step of the Kelly procedure is

complete.

Therefore, the Court will stay the proceedings according to the second step of the <u>Kelly</u> procedure. Petitioner will be instructed to file status reports regarding his progress through the state courts. Once the California Supreme Court renders its opinion, provided the opinion is a denial of relief, Petitioner must file an amended petition including all of his exhausted claims. He is forewarned that claims may be precluded as untimely if they do not comport with the statute of limitations set forth in 28 U.S.C. § 2244(d).[1]

IV.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1)  The orders to show cause that issued on March 28, 2011, and May 17, 2011, are DISCHARGED; and

2)  Petitioner's motion to stay the proceedings pursuant to <u>Rhines v. Weber</u> is DENIED; and

3)  Petitioner's motion to amend the petition to withdraw the unexhausted claim concerning ineffective assistance of trial counsel based on counsel's sleeping is GRANTED; and

4)  Petitioner's motion for stay of the proceedings is GRANTED pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003); and

5) The proceedings are STAYED pending exhaustion of state remedies; and

---

[1] It is unclear whether Petitioner will have sufficient time to be able to exhaust his unexhausted claims. However, no statute of limitations protection is imparted in a <u>King/Kelly</u> stay, nor are the exhausted claims adjudicated in this Court during the pendency of such a stay. Further, the undersigned is not making any determination at this time that Petitioner can timely exhaust any claims prior to the expiration of the statute of limitations.

8

    6) Petitioner is DIRECTED to file a status report regarding his progress in the state courts within thirty (30) days, and then every thirty (30) days thereafter until exhaustion is complete; and

    7) Within thirty (30) days after the final order of the California Supreme Court, Petitioner MUST FILE an amended petition in this Court including all exhausted claims.

    Petitioner is forewarned that failure to comply with this Order will result in the Court's vacating the stay.

IT IS SO ORDERED.

**Dated:   January 3, 2012**            /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE